### No. 8393.

### A. LAMBERT & CO. vs. J. P. H. SHORT.

S had a contract with C for a supply of coal, and was unable to get the cash to make tender of the sum stipulated for advance payment. L bargained with S to avail himself of this contract. and for the purpose of fastening it upon C, handed S the money to make the tender. C refused to receive it. S was unable to perform his contract with L and the latter demanded of him the refunding the money.

*Held*, that L could enforce his demand and was entitled to judgment for the amount with interest.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*Chas. S. Rice* for Plaintiffs and Appellees.

*R. Shackelford* for Defendant and Appellant.

---

The opinion of the Court was delivered by

MANNING, J. The plaintiffs sue to recover three thousand dollars put in the hands of the defendant to enable him to make tender or payment of it to W. S. Campbell.

The coal contracts of these three parties have already been before us twice.

Campbell had a contract with Lambert & Co. for the delivery to him of sixty thousand bushels of coal, with the privilege of twenty thousand additional, at a stipulated price.

Lambert & Co. vs. Short.

Short had bought of Campbell an indefinite quantity of coal, which he assumed was limitless, but with the condition that his indebtedness should not at any time exceed fifteen hundred dollars.

Coal went up at a bound. Lambert's loss on his contracts with Campbell bid fair to be large. He hedged at once by bargaining with Short to avail himself of Short's contract with Campbell. By this means Lambert would offset Campbell's orders on him for coal with Short's orders on Campbell.

The whole scheme fell through. Lambert refused to deliver coal to Campbell but wanted to exchange Short's orders instead. Campbell sued Lambert for over $29,000 as damages for breach of contract.

Campbell, discovering that Short had exceeded the stipulated indebtedness, brought suit against him, and Short reconvened, setting up the contract for limitless coal.

Both these suits came to grief. (The first not yet reported. The last, 35 Ann. 447.) This is the third suit in course.

Short had not the means to make the cash payment or tender to Campbell on his contract. Lambert was of course anxious to fasten that contract on Campbell, and he therefore handed Short three thousand dollars to make the tender. It was made and refused.

Then Lambert asked the return of the money. Short not only refused to return it, but claims that it is his and more besides.

Lambert brought this suit to get it back, and Short reconvenes for over twenty eight thousand dollars more, on the plea that he had given Lambert orders on Campbell for coal which amounted to over thirty one thousand dollars—orders which were never honoured, and which he had no right to give—and which were given with ' a consciousness that they were not in keeping and harmony with his agreement.' See the language of this Court, Campbell v. Short, 35 Ann. 450.

Surely there was never so unfounded a pretension. The statement of the case is a refutation of the pretension.

The lower court gave judgment for the plaintiffs on both demands— in their favour for the sum claimed with interest, and rejecting the reconventional demand.

Judgment affirmed.